FILED
2007 AUG 28 AM 8:56
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____CP_____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| LUISA C. WILDEY, | CASE NO. 07cv1154 JM(JMA) |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | |
| STATE OF CALIFORNIA, et al., | |
| Defendant. | |

**The In Forma Pauperis Request**

On or about June 26, 2007 Plaintiff submitted an application to proceed in forma pauperis. A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of assets, showing that she is unable to pay the fees. 28 U.S.C. § 1915(a). Plaintiff declares that she is unemployed and possess no significant asset. She declares that she receives about $705 per month in Social Security disability payments and spousal Social Security and retirement benefits in the amount of about $1,673 per month. In light of the amount of debt identified in the application, and limited income and assets, the Court grants Plaintiff's request to proceed in forma pauperis.

**The Appointment of Counsel Request**

Plaintiff requests the appointment of counsel to assist her in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dept. of Social Services, 452 U.S. 18, 25

(1981). However, this court has the discretion to appoint counsel in a Title VII action "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1)(b). In making this determination, the court considers the following three factors when deciding whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; and (3) whether the plaintiff's claim has merit." Bradshaw v. Zoological Soc'y of San Diego, 662 F.2d 1301, 1318 (9th Cir.1981). Here, even though Plaintiff has monthly income of about $2,300 per month, she has limited financial resources to employ an attorney. The only efforts by Plaintiff to secure counsel is mailing of one certified letter sent to an unidentified attorney and one phone call to San Diego Referral Service wherein she was informed that such referral service did not provide counsel for federal courts. (Motion at pp. 3, 4). With respect to the merits of Plaintiff's claims, the court notes that Plaintiff appears to have a sufficient grasp of her case, the legal issues involved, and is able to adequately articulate the basis of her complaint. The court finds that Plaintiff (1) has limited financial resources; (2) has taken insufficient steps to secure an attorney; and (3) appears capable of articulating the basis for her claim and making rational arguments. Under these circumstances, the Court denies plaintiff's request for appointment of counsel.

In sum, the motion to proceed in forma pauperis is granted and the motion for appointment of counsel is denied.

**IT IS SO ORDERED.**
DATED: _8/24_ , 2007

_____
JEFFREY T. MILLER
United States District Judge

cc:   All parties