1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11    LUISA C. WILDEY,                           CASE NO. 07cv1154 JM(JMA)

12                         Plaintiff,       ORDER GRANTING MOTION TO
                                         DISMISS; GRANTING LEAVE TO

13       vs.                                   AMEND

STATE OF CALIFORNIA, et al.,

14                         Defendants.

15

16        Defendants Department of Rehabilitation and Department of Industrial Relations

17 ("Moving Defendants") move to dismiss all claims asserted against them in Plaintiff's

18 First Amended Complaint ("FAC"). Plaintiff Luisa C. Wildey opposes the motion.

19 Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral

20 argument. For the reasons set forth below, the motion to dismiss is granted with 30

21 days leave to amend from the date of entry of this order.

22                                 **DISCUSSION**

23        Among other arguments, Moving Defendants assert that the FAC fails to comply

24 with Rule 8. Rule 8 requires that the complaint set forth "a short and plain statement

25 of the claim showing that [Plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). The

26 complaint must "set forth enough details so as to provide defendant and the court with

27 a fair idea of the basis of the complaint and the legal grounds claimed for recovery."

28 Self Directed Placement Corp. v. Control Data Corp., 908 F.2d 462, 466 (9th Cir.

1   1990).  The court concludes that the FAC fails to sufficiently inform Defendants of the

2   nature of the claims asserted against them such that they can prepare an adequate

3   responsive pleading.  See McHenry v. Rennue, 84 F.3d 1172, 1177 (9th Cir. 1996).  The

4   court dismisses the complaint and highlights a few of the FAC's deficiencies.

5       On October 19, 2007 Plaintiff filed the operative FAC broadly alleging two

6   claims against Defendants: breach of contract and violation of the Americans with

7   Disabilities Act ("ADA") and the Rehabilitation Act.[1]   Defendants are the

8   Rehabilitation Appeals Board, Health and Human Services Agency, Department of

9   rehabilitation, Client Assistance Program, the Dayle McIntosh Center for the disabled,

10  Access to Independence, Sharp Memorial Hospital, Workers' Compensation appeals

11  Board, and Bureau of Rehabilitation.  (FAC at p.2, ¶2).  Plaintiff also appears to allege

12  claims against what Plaintiff characterizes as "classes of Defendants."  The "classes of

13  defendants" referred to by Plaintiff are the alleged individual members of the state

14  agencies.  For example, Plaintiff identifies all seven members of the State of California

15  Rehabilitation Appeals Board as defendants.  (FAC at p.6, ¶1).  However, it is unclear

16  whether Plaintiff seeks to join the individually named "classes of Defendants" as

17  defendants to this action as they are not named in the caption nor identified under the

18  "Parties" section of the FAC.  (FAC at pp. 4-5).

19      The 58 page FAC also sets forth overly detailed allegations of questionable

20  relevance to Plaintiffs ADA and Rehabilitation Act claims.  Plaintiff also appears to

21  allege 42 U.S.C. §1983 claims against the multitude of individuals loosely characterized

22  as "classes of Defendants."  (FAC at p.55, ¶28).  However, as set forth above, the

23  individuals comprising the "classes of Defendants" are not named in the caption as

24  required by Rule 10(a) of the Federal Rules of Civil Procedure.  The failure to identify

25  the state actors as defendants is fatal to Plaintiff's §1983 claim against them.  See Baker

26

27      [1] Subject matter jurisdiction in this case is based upon federal question jurisdiction, 28 U.S.C.
    §1331, and the court allegedly has supplemental jurisdiction over the breach of contract claims, 28
28  U.S.C. §1367.  The court declines to reach Plaintiff's state law breach of contract claims until she
    states a valid federal claim.

v. McCollan, 443 U.S. 137, 140, (1979) (the Civil Rights Act provides a cause of action against state and local officials who, acting within the scope of their duties, have deprived an individual of a cognizable federal right).

In order to state either an ADA or Rehabilitation Act claim, Plaintiff must satisfy the elements of each statute:

> To prove a public program or service violates Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. See 42 U.S.C. § 12132 (emphasis added); Does 1-5 v. Chandler, 83 F.3d 1150, 1154-1155 (9th Cir.1996). Similarly, under Section 504 of the Rehabilitation Act, a plaintiff must show: (1) he is an "individual with a disability"; FN3 (2) he is "otherwise qualified" to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance. See 29 U.S.C. § 794 (emphasis added); Bonner v. Lewis, 857 F.2d 559, 562-63 (9th Cir.1988); Doherty v. Southern College of Optometry, 862 F.2d 570, 573 (6th Cir.1988).

Weinrich v. Los Angeles County Metropolitan Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997). Furthermore, a "plaintiff proceeding under Title II of the ADA must, similar to a Section 504 plaintiff, prove that the exclusion form participation in the program was 'solely by reason of disability.'" Id. (quoting Does 1-5 v. Chandler, 83 F.3d 1150, 1155 (9th Cir. 1996)). Here, given the somewhat rambling nature of the FAC's allegations, the court cannot determine whether Plaintiff has stated a claim under either the ADA or Rehabilitation Act. The court highlights these elements to assist Plaintiff in any future amendment.

Next, the court is concerned that the genesis for Plaintiff's claims arises from a rehabilitation counselor's assessment that Plaintiff participate in a medical evaluation and assessment. In re Matter of Luisa Wildy, Rehabilitation Appeals Board, Case No. XXX-XX-7565 (350) (Moving Defendants's Exh. 1). If so, whether Plaintiff's denial of benefits was "solely by reason of disability" may better be resolved on an evidentiary-based motion rather than a motion to dismiss. As set forth in the Board's Decision, Plaintiff initially appeared for the medical evaluation (including

07cv1154

1  psychological testing) and vocational assessment but failed to appear for the third

2  appointment or to otherwise make arrangements to complete the assessment.  Among

3  other things, the Appeals Board determined that the Rehabilitation Board acted

4  consistent with applicable law when it determined that Plaintiff failed to cooperate with

5  the medical evaluation and assessment and closed Plaintiff's case.

6       Finally, the court grants Plaintiff 30 days leave to file a second amended

7  complaint ("SAC").  Plaintiff is cautioned that the failure to set forth a short and plain

8  statement of her claims in the SAC, may result in the dismissal of her claims without

9  prejudice.

10      **IT IS SO ORDERED.**

11  DATED:  April 2, 2008

12

13                                              Hon. Jeffrey T. Miller
                                                United States District Judge

14  cc:          All parties

15

16

17

18

19

20

21

22

23

24

25

26

27

28