# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUISA C. WILDEY,<br><br>   Plaintiff,<br>vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>   Defendants. | CASE NO. 07cv1154 JM(JMA)<br><br>ORDER STRIKING SECOND AMENDED COMPLAINT; DENYING SHARP MEMORIAL HOSPITAL'S MOTION TO DISMISS AS MOOT |

Pursuant to the court's inherent authority to control its docket, Atchison, Topeka & Santa Fe Ry. Co. v. Hercules, 146 F.3d 1071, 1074 (9th Cir. 1998), the court strikes Plaintiff's late filed Second Amended Complaint ("SAC") without prejudice subject to a showing of "excusable neglect" for her failure to timely file the SAC. On April 2, 2008 the court dismissed Plaintiff's First Amended Complaint ("FAC") on grounds that, among other things, the FAC failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. The court granted Plaintiff 30 days leave to amend to file an amended complaint. Instead of filing the SAC by the May 5, 2008 deadline, Defendant sought to file the SAC on June 4, 2008. The SAC was not accompanied by a motion for enlargement of time or any other document seeking relief from the schedule established in the April 2, 2008 order.[1]

Rule 6(b) provides that when "an act may or must be done within a specified time, the court

---

[1] On June 4, 2008 the SAC was filed pursuant to a Discrepancy Order, but not accepted as timely filed.

1 | may, for good cause, extend the time. . . (B) on motion made after the time has expired if the party
2 | failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1). As Plaintiff has failed to move to
3 | be relieved from the May 5, 2008 filing deadline set forth in this court's April 2, 2008, the court
4 | strikes the SAC without prejudice. In the event Plaintiff desires to pursue her claims, Plaintiff is
5 | instructed to file a motion establishing "excusable neglect" for her failure to timely file the SAC. Any
6 | motion seeking relief from the May 5, 2008 filing deadline must be made within 20 days of entry of
7 | this order. Plaintiff is cautioned that her failure to (1) timely file a motion for relief from the April
8 | 2, 2008 order and (2) to establish excusable neglect will result in the dismissal of the action without
9 | prejudice.

10 | In sum, the Clerk of Court is instructed to strike the SAC from the court's docket and to deny
11 | as moot the pending motion to dismiss filed by Sharp Memorial Hospital.

12 | **IT IS SO ORDERED.**

13 | DATED: August 5, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge

16 | cc:    All parties