1   -

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   LUISA C. WILDEY,                              CASE NO. 07cv1154 JM(JMA)

12                              Plaintiff,         ORDER GRANTING MOTION TO
                                                   DISMISS; GRANTING MOTION TO
13           vs.                                   STRIKE; GRANTING LEAVE TO
                                                   AMEND
14   STATE OF CALIFORNIA, et al.,

15                              Defendants.

16
          Defendant Sharp Memorial Hospital moves to dismiss Plaintiff's disability discrimination
17
     complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike the Second Amended
18
     Complaint's ("SAC") request for summary judgment.  Plaintiff Luisa Wildey opposes the motion to
19
     dismiss but not the motion to strike.  Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for
20
     decision without oral argument.  For the reasons set forth below, the court grants the motion to
21
     dismiss, grants the motion to strike, and grants 20 days leave to amend from the date of entry of this
22
     order.
23
                                          **BACKGROUND**
24
          On October 23, 2009 Plaintiff filed the operative SAC broadly alleging two claims against
25
     Defendants for disability discrimination in violation of the Rehabilitation Act of 1973 and the
26

27

28

Americans with Disabilities Act ("ADA") and a claim for constructive fraud.  (SAC ¶¶106-116).[1]

Defendants are the Rehabilitation Appeals Board, Health and Human Services Agency, Department of Rehabilitation, Client Assistance Program, the Dayle McIntosh Center for the Disabled, Access for Independence, Sharp Memorial Hospital, Workers' Compensation Appeals Board, and Bureau of Rehabilitation.  (SAC at p.1).  In addition to these Defendants identified in the caption, Plaintiff also purports to identify about 15 individual defendants in the body of the complaint.  (SAC ¶¶10-63).

Plaintiff is a qualified disabled individual.  (SAC ¶1).  In 1992, Plaintiff suffered a job related spinal cord injury that caused the loss of neurological systems "that prevents her from performing substantial limitation of a major life activity, such as performing manual tasks, walking, and working."  (SAC ¶4).  Plaintiff receives disability benefits pursuant to 9 U.S.C. §7051(C).  (SAC ¶71).

On February 4, 2004 Plaintiff applied for vocational rehabilitation services with the State of California Department of Rehabilitation ("CDR").  (SAC ¶70).  On or about April 8, 2004 the CDR referred Plaintiff to the Sharp-Work-Re-entry Program for Plaintiff to undergo a three day vocational assessment.   On June 4, 2004 Plaintiff requested accommodation to the three day vocational assessment because "three consecutive testing days was going to be a painful experience without reasonable accommodations due to her spine condition."  (SAC ¶72).  Plaintiff apparently received some accommodation in that the vocational assessment was spread out over a period of time, and not conducted over three consecutive days.  (SAC ¶¶72, 73).  Plaintiff only attended two days out of the three day assessment period.  (SAC ¶73).  During the testing procedures that Plaintiff did attend, she allegedly suffered severe pain.  (SAC ¶52).

In or about October 2004 Plaintiff determined that she could operate a home-based business, raising Alpacas for profit.  (SAC ¶76).  Plaintiff prepared and submitted a business plan to the Department of Rehabilitation ("DOR").  (SAC ¶76).  Apparently, Plaintiff believed that she could obtain a $350,000 loan or grant from DOR to commence her Alpaca business.  (SAC ¶¶88, 89; Oppo at p.6, ¶15).  On or about June 2, 2006, Plaintiff met with the DOR District Director and was informed

---

[1] Subject matter jurisdiction in this case is based upon federal question jurisdiction, 28 U.S.C. §1331, and the court allegedly has supplemental jurisdiction over the breach of contract claims, 28 U.S.C. §1367.  The court declines to reach Plaintiff's state law breach of contract claims until she states a valid federal claim.

that she could either meet with a DOR psychologist for testing or that her case would be closed.  (SAC ¶94).  In mid-June Plaintiff received a letter informing her that the June 2, 2006 meeting was an Administrative Review meeting and that if she wanted to apply for further Administrative Review or Mediation, she had to complete the enclosed forms within 30 days.  (SAC ¶96).  Plaintiff allegedly exhausted all administrative remedies.  (SAC ¶101).

Based upon the above generally described conduct Plaintiff alleges claims for violation of the Rehabilitation Act, violation of the ADA and constructive fraud.  The claim for constructive fraud is apparently premised on Plaintiff's belief that loans or grants were available from DOR to finance her planned alpaca business.  (SAC ¶112). Plaintiff alleges that she was deceived into believing that such financial assistance was available and that she learned on January 31, 2006 that such assistance was not available.  Id.

On April 2, 2008, the court granted defendants Department of Rehabilitation and Department of Industrial Relations' motion to dismiss the First Amended Complaint with leave to amend.  Sharp now moves to dismiss all claims in the SAC.

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp v. Twombly, __550 U.S. __, 127 S.Ct. 1955 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief).  The defect must appear on the face of the complaint itself.  Thus, courts may not consider extraneous material in testing its legal adequacy.  Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991).  The courts may, however, consider material properly submitted as part of the complaint.  Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

1    Finally, courts must construe the complaint in the light most favorable to the plaintiff.  Concha

2    v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996).  Accordingly,

3    courts must accept as true all material allegations in the complaint, as well as reasonable inferences

4    to be drawn from them.  Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992).   However,

5    conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6)

6    motion.  In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

7    **The Motion to Dismiss**

8    In order to state either an ADA or Rehabilitation Act claim, Plaintiff must satisfy the elements

9    of each statute:

10           To prove a public program or service violates Title II of the ADA, a plaintiff
             must show: (1) he is a "qualified individual with a disability"; (2) he was either
11           excluded from participation in or denied the benefits of a public entity's services,
             programs or activities, or was otherwise discriminated against by the public entity; and
12           (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.
             See 42 U.S.C. § 12132 (emphasis added); Does 1-5 v. Chandler, 83 F.3d 1150,
13           1154-1155 (9th Cir.1996). Similarly, under Section 504 of the Rehabilitation Act, a
             plaintiff must show: (1) he is an "individual with a disability"; FN3 (2) he is
14           "otherwise qualified" to receive the benefit; (3) he was denied the benefits of the
             program solely by reason of his disability; and (4) the program receives federal
15           financial assistance. See 29 U.S.C. § 794 (emphasis added); Bonner v. Lewis, 857 F.2d
             559, 562-63 (9th Cir.1988); Doherty v. Southern College of Optometry, 862 F.2d 570,
16           573 (6th Cir.1988).

17   Weinrich v. Los Angeles County Metropolitan Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).

18   Furthermore, a "plaintiff proceeding under Title II of the ADA must, similar to a Section 504 plaintiff,

19   prove that the exclusion from participation in the program was 'solely by reason of disability.'"  Id.

20   (quoting Does 1-5 v. Chandler, 83 F.3d 1150, 1155 (9th Cir. 1996)).

21           Sharp moves to dismiss the complaint on the ground that Plaintiff cannot allege that she was

22   harmed by any of Sharp's conduct.  In the Decision of the Rehabilitation Appeals Board, the court

23   noted that District Administrator Compton

24           testified it became increasingly difficult to make any progress in appellant's case
             because every meeting held became a contention as to whether the Department was
25           following regulations. She objected to any request made of her by the Department; she
             seemed to believe the request was either inappropriate, unnecessary, or not applicable
26           to her. He testified the Department agreed to set aside and ignore the evaluation done
             by Sharp since appellant had concerns about its validity, but in doing so, another
27           evaluation to determine her aptitude and interest was necessary.

28

(SAC Exh. 5).[2]

Here, the court grants Sharp's motion for two reasons. First, as set forth by Sharp, Plaintiff fails to adequately identify how she was harmed by Sharp's conduct. Plaintiff requested that Sharp, the contractor selected to perform the vocational evaluation, accommodate her disability. Sharp spread the three day assessment out over a period of time in order to accommodate Plaintiff's disability. Sharp never completed the assessment. Further, the report prepared by Sharp was not considered in determining Plaintiff's eligibility for benefits and therefore, as currently pled, Plaintiff fails to state a claim. Second, Plaintiff fails to adequately identify how Sharp allegedly failed to comply with its obligations under the Rehabilitation Act or the ADA. Such allegations are indispensable in stating either a Rehabilitation Act or ADA claim against Sharp. Absent such basic allegations, Plaintiff fails to state a claim. The court grants Plaintiff 20 days leave to amend from the date of entry of this order to file a Third Amended Complaint.

Finally, the court grants Sharp's unopposed motion to strike the SAC's request that the court grant her summary judgment. As Plaintiff's requests is not one made under Federal Rule of Civil Procedure 56, the request is stricken.

In sum, the court grants the motion to dismiss, grants the motion to strike, and grants Plaintiff leave to amend.

**IT IS SO ORDERED.**

DATED: February 2, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:          All parties

---

[2] Both parties agree that the court may properly take judicial notice of the decision by the Rehabilitation Appeals Board.

07cv1154