# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUISA C. WILDEY,<br><br>                              Plaintiff,<br>vs.<br>STATE OF CALIFORNIA, et al.,<br><br>                              Defendant. | CASE NO. 07cv1154 JM(JMA)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

On August 28, 2007 the court granted Plaintiff's motion for leave to proceed <u>in forma pauperis</u> and denied Plaintiff's request for the appointment of counsel. (Docket No. 6). Plaintiff now renews her request for appointment of counsel. Plaintiff requests the appointment of counsel to assist her in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. <u>Lassiter v. Dept. of Social Services</u>, 452 U.S. 18, 25 (1981). However, this court has the discretion to appoint counsel in a Title VII action "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1)(b). In making this determination, the court considers the following three factors when deciding whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; and (3) whether the plaintiff's claim has merit." <u>Bradshaw v. Zoological Soc'y of San Diego</u>, 662 F.2d 1301, 1318 (9th Cir.1981); <u>Johnson v. U.S. Treasury Dept.</u>, 27 F.3d 415, 417 (9th Cir. 1994).

Here, the court has already found that plaintiff possess little financial resources and, from the

1  record submitted by Plaintiff, it appears as though her financial security and physical health has
2  declined since the filing of this action.  Plaintiff has also submitted additional documentation to show
3  that she sought counsel to assists her in prosecuting this action from four different attorneys, or
4  consumer advocate organizations, during 2006 and 2007.  There is no evidence that Plaintiff sought
5  counsel in either 2008 or 2009.  With respect to an analysis of the merits, the court notes that such an
6  analysis at the pleading stage presents numerous challenges because there is no record to review, only
7  allegations made by a pro se plaintiff untrained in the law.  With respect to the merits of Plaintiff's
8  claims, the court notes that Plaintiff appears to have a sufficient grasp of her case, the legal issues
9  involved, and is able to adequately articulate the basis of her complaint.  However, a review of this
10 court's orders on the motions to dismiss, Docket Nos. 22, 41, reveals that Plaintiff has weak claims.
11 Under these circumstances, the Court denies plaintiff's renewed request for appointment of counsel.
12         In sum, the motion for appointment of counsel is denied.
13         **IT IS SO ORDERED.**
14 DATED:  September 11, 2009

_____
Hon. Jeffrey T. Miller
United States District Judge

16 cc:        All parties